Richard R. Therrien, State Bar Number 135414
**LAW OFFICE OF RICHARD R. THERRIEN**
2691 Dow Ave., Ste. "F"
Tustin, Calif. 92780
Telephone:  (714) 361-8130
Facsimile:    (714) 361-8151
Richard@rrtlawoffices.com

Attorney for Defendants LOOMIS-THERRIEN, A LAW CORPORATION and
TARY C. LOOMIS-THERRIEN;

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON THOMAS,<br><br>                          Plaintiff,<br><br>     vs.<br><br>LOOMIS-THERRIEN, A LAW CORPORATION; TARY C. LOOMIS-THERRIEN, as an individual,<br><br>                          Defendants. | ) Case No:  EDCV14-00979-CAS-JCx<br>)<br>) Hon.  Christina A. Snyder<br>)<br>) **DEFENDANTS' REPLY TO**<br>) **PLAINTIFF'S OPPOSITION TO**<br>) **THE MOTION TO DISMISS;**<br>) **DECLARATION OF TARY C.**<br>) **LOOMIS-THERRIEN IN SUPPORT**<br>)<br>)<br>)<br>) Date:  August 11, 2014<br>) Time: 10:00 A.M.<br>) Court Rm: 5 – 2nd Floor<br>)<br>)<br>)<br>)<br>) |

i

---

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS; DECLARATION OF TARY C. LOOMIS-THERRIEN IN SUPPORT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# **TABLE OF CONTENTS**

**Page**

I.   THE COMPLAINT FAILS TO ALLEGE ANY FACTS TO
     SUPPORT A CLAIM AGAINST LOOMIS-THERRIEN A LAW
     CORPORTION FOR UNFAIR DEBT COLLECTION PRACTICES ….. 1

II.  PLAINTIFF'S CLAIM THAT HE DID NOT RECEIVED THE
     FEBRUARY 21, 2008 LETTER IS WITHOUT MERIT AND
     THEREFORE THE STATUTE OF LIMITATIONS BARS
     THE ACTION ………………………………………………... 2

III. REGARDLESS OF THE STATUTORY PROVISION BEING
     ADVANCED BY THE PLAINITFF, HE HAS NOT PLEAD
     SUFFICIENT FACTS FOR A CLAIM UNDER EITHER THE
     FEDERAL OR STATE FAIR DEBT COLLECTION PRACTICES …… 5

IV.  CONCLUSION………………………………………………… 6

     DECLARATION OF TARY C. LOOMIS-THERRIEN ………………… 7

ii

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE
MOTION TO DISMISS; DECLARATION OF TARY C. LOOMIS-
THERRIEN IN SUPPORT**

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page**

*Caldwell v. Geldreich (1955) 137 Cal App 2d 78, 81*……………………………… 3

*Garfinkle v. JPMorgan Chase Bank*
No.C 11-01636 CW, 2011 U.S. Dist. LEXIS 81054,
at *7-10, 2011 WL 3157157 (N.D. Cal. July 26, 2011) ………………………… 5

*Geist v. Onewest Bank*
No. C 10-1879, 2010 WL 4117504 at *3 (N.D. Cal. Oct.19, 2010) …………… 5

*Labarthe v McRae (1939) 35 Cal. App. 734, 739* ………………………………… 3

*Miller v. Cortese (1955) 136 Cal. App. 2d 47, 48* ……………………………… .3

*Spurlock v Carrington Mort. Servs, Inc.*
No. 09CV2273, 2010 WL 3069733, at *4 (S.D. Cal.Aug.4 2010) ……………… 5

**Statues**

15 U.S.C. §1692k(d) …………………………………………………………… 4

California Civil Code §1367.1 …………………………………………………... .3

California Civil Code §1788.30(f) ……………………………………………… 4

California Code of Civil Procedure §1033 …………………………………… 3

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE
MOTION TO DISMISS; DECLARATION OF TARY C. LOOMIS-
THERRIEN IN SUPPORT**

**COMES NOW** Defendants Loomis-Therrien A Law Corporation and Tary C. Loomis-Therrien and hereby submits their reply to the plaintiff's opposition to the motion to dismiss.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

<u>I.</u>

<u>THE COMPLAINT FAILS TO ALLEGE ANY FACTS TO SUPPORT A CLAIM AGAINST LOOMIS-THERRIEN A LAW CORPORTION FOR UNFAIR DEBT COLLECTION PRACTICES</u>

The plaintiff pleads an unfair debt collection claim against Loomis-Therrien, A Law Corporation, because the corporate name happens to appear as an entity on the California Secretary of State website. Further, the plaintiff is unable to direct our attention to any factual allegations contained in complaint of any involvement of the corporation as to the alleged unfair debt collection practice. Moreover, the plaintiff has failed to cite any legal authority that supports a legal claim that the name of an entity merely being listed on the Secretary of State website is tantamount to actively participating is some illegal activity. The plaintiff simply has failed to plead any facts against Loomis-Therrien A Law Corporation and therefore the motion to dismiss should be granted without leave to amend.

///

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS; DECLARATION OF TARY C. LOOMIS-THERRIEN IN SUPPORT**

## II.

## PLAINTIFF'S CLAIM THAT HE DID NOT RECEIVED THE FEBRUARY 21, 2008 LETTER IS WITHOUT MERIT AND THEREFORE THE STATUTE OF LIMITATIONS BARS THE ACTION

The plaintiff's next assertion is that he did not receive[1] the February 21, 2008 correspondence; and therefore the statute of limitations could not have started at that time. Notably, the plaintiff does not dispute that the envelope or the letter are improperly addressed.

Moreover, in a prominent location in the upper right corner of the February 21, 2008 correspondence is the inscription "Via First Class Mail and Certified Mail". This signifies that two (2) letters were sent – one via certified mail and the other was sent via regular mail with prepaid postage.

In support of this February correspondence actually being mailed to the plaintiff is the "Certified Mail –Receipt" for Deon Thomas and Joscelin B. Thomas (see the declaration of Tary C. Loomis-Therrien, page 7, line 14 to page 8, line 3, exhibit "A"); and the "Affidavit of Mailing" of the February 21, 2008 (see the declaration of Tary C. Loomis-Therrien, page 8, lines 4-8, exhibit "B").

Furthermore, Deon and Thomas and Joscelin B. Thomas both failed to

---

[1] See for example, plaintiffs opposition, page 2, lines 5-6, page 9, lines 22—23, page 11, lines 6-7; complaint, exhibit "D", page 29

2

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS; DECLARATION OF TARY C. LOOMIS-THERRIEN IN SUPPORT**

accept the certified letters, as depicted on the face of each of the returned envelopes with "Return to Sender Unclaimed Unable to Forward" (see the declaration of Tary C. Loomis-Therrien, page 8, lines 9-10, exhibit "C" and page 8, line 17 to page 9, line 4 exhibit "D").

The Appellate Courts have addressed this issue and have in favor of the defendants here. First, the courts have held that service by mail is complete at the time of deposit in the post office and the **addressee incurs the risk of failure of the mail** [*Caldwell v. Geldreich (1955) 137 Cal App 2d 78, 81*]. Second there is not any dispute that the sealed envelope was improperly addressed. Hence the service by mail was complete at the time of deposit into the mail [*Caldwell v. Geldreich (1955) 137 Cal App 2d 78, 81*]. Thirdly, the addressee incurs the risk of failure of the mail, when notice is mailed per a statutory provision. Here the "Affidavit of Mailing" provides that the February 21, 2008 was mailed in accordance with *CC §1367.1*. [*Caldwell v. Geldreich (1955) 137 Cal App 2d 78, 81*[the addressee incurs the risk of failure of the mail when mailing is accomplished pursuant to the provisions of *CCP §1033*]; *Labarthe v McRae (1939) 35 Cal. App. 734, 739*]; even if the addressee does not receive it through the mail the risk remains with the addressee. [*Miller v. Cortese (1955) 136 Cal. App. 2d 47, 48*].

3

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS; DECLARATION OF TARY C. LOOMIS-THERRIEN IN SUPPORT**

The plaintiff here failed to accept and therefore refused to accept the certified mailing as evident by the US Post Office noting that the certified mail letters of February 21, 2008 were unclaimed. Plaintiff simply cannot refuse to accept the letter and then claim he never received it.

Additionally, plaintiff's address is provided on the face of his pleadings and it is the same as the address set forth on the February 21, 2008 letter i.e. 14626 Red Gum St., Moreno Valley, Ca. 92555. It is clear that the plaintiff does not dispute his own address and it should be noted as well that he has received other mail at the same address (see exhibits "C", "G" and "I" of the complaint).

 It is clear that the plaintiff received the second copy of the February 21, 2008 letter by virtue of it not being returned to the defendants [see the declaration of Tary C. Loomis-Therrien, page 8, line 17 to page 9, line 9]. Under both scenarios the plaintiff "received" the February 21, 2008 and the 1 year statute of limitations (*15 U.S.C. §1692k(d); CC§1788.30(f)*) began on February 21, 2008. The plaintiff did not file his complaint until May 15, 2014 – a period of over 6-years.

///

///

///

///

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS; DECLARATION OF TARY C. LOOMIS-THERRIEN IN SUPPORT**

### III.

### REGARDLESS OF THE STATUTORY PROVISION BEING ADVANCED BY THE PLAINITFF, HE HAS NOT PLEAD SUFFICIENT FACTS FOR A CLAIM UNDER EITHER THE FEDERAL OR STATE FAIR DEBT COLLECTION PRACTICES

The plaintiff's entire claim is two-fold: (1) he never received the February 21, 2008 letter; and (2) his reliance as set forth in paragraphs 20-22 concerning the August 19, 2013 (see exhibit "A" of the complaint) that was never addressed to him.

In regards to the February 21, 2008 letter, defendants have previously addressed this issue and plaintiff is deemed to have received the February letter, whether he choose to acknowledge it or not.

As for the August 19, 2013, along with exhibits "G", and "I" of the complaint, these letters concern a foreclosure and are not subject to the fair debt collection practices [*Spurlock v Carrington Mort. Servs, Inc*. No. 09CV2273, 2010 WL 3069733, at *4 (S.D. Cal.Aug.4 2010); *Geist v. Onewest Bank*, No. C 10-1879, 2010 WL 4117504 at *3 (N.D. Cal. Oct.19, 2010) "Non-judicial foreclosure does not constitute 'debt collection' as defined by the FDCPA". *Garfinkle v. JPMorgan Chase Bank* No.C 11-01636 CW, 2011 U.S. Dist. LEXIS 81054, at *7-10, 2011 WL 3157157 (N.D. Cal. July 26, 2011).

5

---

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS; DECLARATION OF TARY C. LOOMIS-THERRIEN IN SUPPORT**

## IV.

## CONCLUSION

The Verified Complaint does not state a claim upon which relief can be granted.  The defects are incurable by amendment.  Defendant requests this motion to dismiss be granted without leave to amend.


DATED: July 22, 2014                LAW OFFICE OF RICHARD R. THERRIEN


By:__/S/ Richard R. Therrien_____ __
Richard R. Therrien
Attorney for Defendants Loomis-Therrien,
A Law Corporation and Tary C. Loomis-
Therrien

6

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS; DECLARATION OF TARY C. LOOMIS-THERRIEN IN SUPPORT**

## Declaration of Tary C. Loomis-Therrien

I, Tary C. Loomis-Therrien, declare:

1.      I am the defendant in this action.

2.      The facts contained herein are of my own personal knowledge and if called to do so, I could and would competently thereto. I am submitting this declaration in support of the motion to dismiss.

3.      I am an attorney duly licensed to practice before all the courts in the State of California. Also, I am a custodian of all records for the Law Office of Tary C. Loomis-Therrien and am personally apprised of all of the facts hereinafter recited.

4.      I personally prepared the February 21, 2008 correspondence. Further it was sent via first class mail and certified mail, under my direction. It is my office policy to maintain the "Certified Mail – Receipt" and to affix it to a copy of the letter that is mailed. The February 21, 2008 letter has attached to it true and correct copies of the two (2) certified mailings that were sent to Deon Thomas and Joscelin B Thomas (a true and correct copy of the face page of the February 21,

7

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS; DECLARATION OF TARY C. LOOMIS-THERRIEN IN SUPPORT**

2008 correspondence with the two (2) certified mailing receipts are attached hereto as exhibit "A" and is incorporated herein by reference).

5.      Additionally, I have my secretary sign and attached to the February 21, 2008 correspondence, which is the custom and practice of my office, an "Affidavit of Mailing" (a true and correct copy of the affidavit of mailing is attached hereto as exhibit "B" and is incorporated herein by reference).

6.      Sometime later, I received the certified mail correspondence of February 21, 2008 I had sent to Deon Thomas back from the US Post Office. Written on the face of the envelope are the words "Return to Sender Unclaimed Unable to Forward" (a true and correct copy of the envelope containing the February 21, 2008 correspondence is attached hereto as exhibit "C" and is incorporated herein by reference.

7.      Sometime later, I received the certified mail correspondence of February 21, 2008 I had sent to Joscelin B. Thomas back from the US Post Office. Written on the face of the envelope are the words "Return to Sender Unclaimed

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS; DECLARATION OF TARY C. LOOMIS-THERRIEN IN SUPPORT**

Unable to Forward" (a true and correct copy of the envelope containing the February 21, 2008 correspondence is attached hereto as exhibit "D" and is incorporated herein by reference.

      8.    The two February 21, 2008 letters – one being sent to Deon Thomas and the other to Joscelin B. Thomas – were never returned to me. Therefore, I can only conclude that Deon and Joscelin Thomas both received the February 21, 2008 letters.

      I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of July 2014 at Laguna Hills, California.

                    _____/s/ Tary C. Loomis-Therrien___

                    Tary C. Loomis-Therrien, declarant

9

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS; DECLARATION OF TARY C. LOOMIS-THERRIEN IN SUPPORT**

# EXHIBIT "A"

LAW OFFICE OF

## TARY C. LOOMIS-THERRIEN

Phone: (949) 459-0906
Fax: (949) 459-0916

23297 South Pointe Dr., Ste 150
Laguna Hills, California 92653

e-mail:
taryloomis@sbcglobal.net

February 21, 2008

*Via First Class Mail and Certified Mail*

Deon Thomas and Joscelin B. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555

Re:   Celebrations Homeowners Association
      NOTICE OF INTENT TO LIEN
      Property Address: 14626 Red Gum Street, Moreno Valley, CA

e Celebrations Homeowners Association to proceed with the
assessments for the above-referenced property. In accordance
ons and Restrictions (CC&R's) and California Civil Code §
s, costs of collection, attorneys' fees and interest incurred shall
assessment paid on time, you will not be liable to pay a late
lates to that assessment. The following amounts are owed as of
d accounting:

| | |
|---|---|
| er attached) | $ 405.00 |
| | $ 20.00 |
| | $ 40.00 |
| | $ 40.00 |
| | $ 145.00 |
| | $ 10.76 |
| Sub Total subject to lien | $ 660.76 as of February 21, 2008 |
| Fines | 450.00 |
| Total | $1,110.76 |

$22.00 will be assessed to your account on March 1, 2008.
will be **$682.76 on March 1, 2008 and with the fines a total of**
. A copy of the association's collection and enforcement policy

n rights under the Federal Fair Debt Collection Practices Act (See
rs from the date of receipt of this Notice to seek verification of the
tion from continuing its efforts to collect the debt during the thirty
Association, will proceed with action as stated in this letter, unless
hirty (30) days of this Notice. If you seek verification of the debt
y collection efforts during the period of time we are providing you

TO COLLECT A DEBT, AND ANY INFORMATION
PROVIDED TO THIS OFFICE WILL BE USED FOR THIS PURPOSE.

# EXHIBIT "B"

## AFFIDAVIT OF MAILING

STATE OF CALIFORNIA     )
COUNTY OF ORANGE     )

In the matter of Letter of February 21, 2008
TS # 1603-074
California Civil Code §1367.1

Donna Bohna, affiant of LAW OFFICE OF TARY C. LOOMIS-THERRIEN being duly sworn, deposes and says; that she/he is over the age of eighteen (18) years; has a business address of 23297 South Pointe Dr., Ste 150, Laguna Hills, California 92630; That on February 21, 2008, by certified mail and first class mail enclosed in a sealed envelope with fully prepaid postage thereon, she deposited in the United States Post Office Box at LAGUNA HILLS, California, the above referenced Letter with enclosures, a true and correct copy of which is attached hereto and made a part hereof, addressed to the following persons:

Deon Thomas
14626 Red Gum Street
Moreno Valley, CA 92555

Joscelin B. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555

     The receipt(s) for certified mailing of said Letter are attached hereto and made a part hereof. I certify (or declare) under penalty of perjury under the laws of the state of California that the foregoing is true and correct and of my own personal knowledge.

Dated: _February 21_, 2008

_____
Donna Bohna, Affiant

/3

# EXHIBIT "C"

14



Law Office Of Tary C. Loomis-Therrien
27 South Point Dr. Ste, 150
Laguna Hills, California 92653

7006 3450 0002 7576 4718

Deon Thomas
14626 Red Gum Street
Moreno Valley, CA 92555

NIXIE    923   5E 1      30 04/03/08

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 92553144797     *1004-04678-22-03

3/17
3/21

/5

# EXHIBIT "D"

16



CERTIFIED MAIL

7006 3450 0002 7576 4732

Joscelin B. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555

NIXIE        923    5E 1        30 04/03/08

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 92653144797    *1004-04572-22-03

92653147751 COS:
92653301447

Law Office Of Tary C. Loomis-Therrien
23297 South Point Dr. Ste, 150
Laguna Hills, California 92653

17

**PROOF OF SERVICE**

**Thomas v Loomis-Therrien et al**

**United States District Court – Central District of California Case No. EDCV14-00979-CAS-JCx**

I am a resident of the State of California.  I am over 18 years of age and not a party to the within action.  My business address is 2691 Dow Ave. Ste. "F", Tustin, California 92780. On July 23, 2014, I served the following document(s) by the method indicated below:

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS; DECLARATION OF TARY C. LOOMIS-THERRIEN IN SUPPORT**

[ ]     by transmitting via facsimile on this date the document(s) listed above to the facsimile numbers set forth below. The transmission was completed before the close of business and was reported complete and without error.

[ ]     by placing the document(s) listed above in a sealed envelope via U. S. mail with postage thereon fully prepaid, in the United States Office at Tustin, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. I am aware that on motion of the party serve, service is presumed invalid if the postal cancellation date on postage meter date is more than one day after the date of deposit in the Declaration.

[ ]     BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the United States District Court, Central District of California website https://ecf.cacd.uscourts.gov.

[ ]     by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set for forth below. A copy of the consignment slip is attached to this proof of service.

[ X]    by placing into a seal envelope which contained a true copy of each annexed document, and which envelope was addressed to the addressee as follows, would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid for Certified Mail, Return-Receipt Requested at Tustin, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit as to

Deon Thomas
14626 Red Gum Street
Moreno Valley, Ca. 92555

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on July 23, 2014 at Tustin, California.


/s/ Richard R. Therrien____
Richard R. Therrien