UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:   Attorneys Present for Defendants:

Deon Thomas, Pro Se                 Not Present

**Proceedings:**   MOTION TO DISMISS (Dkt. 8, filed June 26, 2014)

## I.   INTRODUCTION AND BACKGROUND

On May 15, 2014, plaintiff Deon Thomas filed this action against defendants Tary C. Loomis-Therrien ("Loomis-Therrien") and Loomis-Therrien, A Law Corporation (the "Law Corporation defendant"). Dkt. 1. In brief, plaintiff alleges that defendants violated various federal and state debt collection statutes while attempting to collect on a debt from plaintiff.[1] Plaintiff alleges that Loomis-Therrien mailed plaintiff an initial collection letter on August 19, 2013. Compl. ¶ 20. This letter stated that it concerned the property at 14626 Red Gum Street, Moreno Valley, and that the Board of Directors of the Celebrations Homeowners Association had "voted to foreclose on the subject property for the collection of delinquent assessments, charges and costs of collection." Id. Ex. A. The August 19, 2013 letter further stated: "If you desire to avoid foreclosure, please contact my office within 15 days to make arrangements for payment." Id. The August 19, 2013 letter did not indicate the amount of the alleged debt. Plaintiff alleges that he responded by letter on August 22, 2013, inquiring about the source and amount of the alleged debt, and requesting that the debt be validated. Id. ¶ 24 & Ex. B.

Plaintiff alleges that he and Loomis-Therrien then engaged in extended correspondence concerning the purported debt. Id. ¶¶ 25-31; 37-44. Plaintiff also alleges that, at some point before October 29, 2013, Loomis-Therrien reported a judgment against plaintiff on plaintiff's credit report. Id. ¶¶ 32-36; 47. Based on this alleged conduct,

---

[1] Although not clearly alleged or otherwise explained in the complaint, it appears that the purported debts arose when plaintiff failed to pay homeowner's association fees arising out of plaintiff's ownership of the Red Gum Street property. Compl. Ex. C; Mot. 2. In 2008, the Celebration Homeowner's Association filed a lien against the property for the unpaid balance of these fees. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

plaintiff's complaint asserts claims for (1) various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., (2) various violations of the Rosenthal Fair Debt Collection Act ("Rosenthal Act"), Cal. Civil Code § 1788, and (3) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

On June 26, defendants filed a motion to dismiss the complaint. Dkt. 8. On July 16, 2014, plaintiff opposed the motion, dkt. 11, and on July 23, 2014, defendants replied, dkt. 12. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**                'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.   ANALYSIS

####      A.   The Law Corporation Defendant

At the outset, defendants argue that the Law Corporation defendant should be dismissed from this action, because it "was never activated or used as a business entity nor did it ever conduct any business or provide any legal services." Mot. 5. Defendants further argue that the complaint does not allege that the Law Corporation engaged in any conduct involving the plaintiff. The Court notes that several of the exhibits attached to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

plaintiff's complaint bear the letterhead of "Law Office of Tary C. Loomis-Therrien." See, e.g., compl. Ex A.[2]

### B.     Statute of Limitations

Defendants assert that plaintiff's claims are barred by the statute of limitations. Both the FDCPA and the Rosenthal Act impose a one-year statute of limitations. See 15 U.S.C. § 1692k(d); Cal. Civ. Code § 1788.30(f). Similarly, the FCRA imposes a two-year statute of limitations. See 15 U.S.C. § 1681p. Defendants contend that plaintiff's claims accrued in 2008, when defendants mailed plaintiff an initial "Intent to Lien" letter. See Defendants' Request for Judicial Notice, Ex. 2. Because plaintiff did not file this action until May 2014, defendants argue that plaintiff's claims are time-barred.

The Court finds this argument unpersuasive. As discussed above, the complaint on its face alleges FDCPA violations based on letters that Loomis-Therrien sent to plaintiff beginning in August 2013. See Compl. ¶¶ 20-41. Nowhere does the complaint reference, much less attach, the Intent to Lien letter upon which defendants rely.[3] Accordingly, because defendants rely on evidence outside the complaint, the Court cannot consider defendants' argument unless the Intent to Lien letter is judicially noticable. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d at 986. Fed. R. Evid. 201 authorizes courts to take judicial notices of facts that are "not subject to reasonable dispute if the fact "(1) is

---

[2] At oral argument, the Court inquired into the relationship between the Law Corporation defendant and defendant Tary C. Loomis-Therrien. Plaintiff explained that he had named "Loomis-Therrien, a Law Corporation" as a defendant in this action based upon plaintiff's search of the California Secretary of State's website. However, plaintiff was unable to explain the relationship between the Law Corporation and Ms. Loomis-Therrien.

[3] Defendants contend that Exhibit C of plaintiff's complaint—a letter sent by Loomis-Therrien to the plaintiffs on August 27, 2013—"identifies" the Intent to Lien letter and thereby "places the facts stated therein before the Court." Mot. 2. But the fact that a letter written by Loomis-Therrien references another letter written by Loomis-Therrien does not conclusively establish the existence of the second letter, as would be required for the Court to consider the Intent to Lien letter at this stage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**           'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Here, because the existence of the Intent to Lien letter is neither generally known within this jurisdiction, nor is susceptible to authoritative verification by an independent source, the Court concludes that the Intent to Lien letter cannot be judicial noticed. As such, the Court is limited to the four corners of the complaint, and defendants' timeliness argument therefore fails.[4]

### C. Fair Debt Collections Practices Act

Plaintiff asserts a claim under the FDCPA, alleging that defendants violated multiple provisions of the FDCPA by (1) communicating with the plaintiffs in an atempt to collect debts and (2) reporting a judgment to various credit reporting agencies. Defendants make a variety of arguments asserting that plaintiffs have failed to allege facts necessary to support their claim for violations of the FDCPA. The Court considers these arguments in turn.

First, defendants contends that plaintiff has failed to allege that he requested verification of the debt within thirty days, as required to state a claim for a violation of 15 U.S.C. § 1692g. See Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078, 1080 (9th Cir. 2005) ("[I]f the consumer notifies the collector of a dispute in writing within the 30–day period, the collector shall cease collection activities until he obtains the verification."). Defendants contend that this thirty day period began running in 2008, when Loomis-Therrien sent plaintiff the Intent to Lien letter. This argument fails for substantially the same reason as defendants' timeliness argument, namely that it relies on documents not attached to plaintiff's complaint.

Second, defendants assert that plaintiff cannot state a claim under the FDCPA because defendants were not acting as "debt collectors." Specifically, defendants contend that they were merely engaging in the foreclosure process, which numerous courts in this district have held does not constitute debt collection within the meaning of the FDCPA. See., e.g., Garfinkle v. JPMorgan Chase Bank, 2011 WL 3157157, at *3 (N.D. Cal. July 26, 2011) ("District courts in the Ninth Circuit have generally concluded that foreclosing

---

[4] The Court expresses no view on whether the Intent to Lien letter, if considered, would make plaintiff's claims untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

on a property pursuant to a deed of trust is not a debt collection within the meaning of the Rosenthal Fair Debt Collection Practices Act or the FDCPA."). This argument is unpersuasive, because plaintiff has alleged that defendants took steps beyond merely foreclosing on their property. In particular, defendants attempted to collect on plaintiff's outstanding debts as an alternative to foreclosure. In the August 19, 2013 letter, for instance, Loomis-Therrien wrote: "If you desire to avoid foreclosure, please contact my office within 15 days to make arrangements for payment." Compl. Ex. A. This effort to collect on the underlying debt was not a required step in the foreclosure process, and thus constituted debt collection within the meaning of the FDCPA. See 15. U.S.C. 1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.").

Third, defendants assert that plaintiff has not alleged facts to support a claim for a violation of 15 U.S.C. § 1692d(5). This provision states that: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Defendant argues that the complaint is devoid of any allegation that defendants called any telephone number. The Court agrees—the complaint appears to limit its allegations to written correspondence. Accordingly, the Court finds that plaintiff has failed to allege a violation of § 1692d(5).

Finally, defendants contend that plaintiff has failed to assert facts supporting his claim that defendants violated 15 U.S.C. § 1692e(2), (8), (10) & § 1692g(b) by improperly reporting a judgment on plaintiff's credit report. Defendants assert that they did not report any judgment to a credit reporting agency, and that plaintiff's allegations to the contrary are contradicted by exhibits attached to the complaint, namely two copies of plaintiff's credit report. See compl. Exs. E, F. Defendants state that these exhibits do not show any judgments that were either owned or reported by the defendants. The Court finds this argument unpersuasive, because Exhibit E, which depicts plaintiff's October 29, 2013 credit report, reflects a judgment held by Loomis-Therrien's client, the Celebrations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**       'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

Homeowners Association. Because the credit report does not state who reported this judgment, this document is therefore consistent with plaintiff's allegations. To the extent that defendants contend that they did not report this judgment, that is a fact issue not suitable for resolution at this stage.

### D.     Rosenthal Act

Plaintiff asserts a claim under the Rosenthal Act, largely mirroring their claim under the FDCPA. However, the Court concludes this claim fails as a matter of law against Loomis-Therrien because she is an attorney and thus statutorily excluded from civil liability under the Rosenthal Act. The Act defines a debt collector as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law." Cal. Civ. Code § 1788.2(c). Accordingly, plaintiff may not maintain a Rosenthal Act claim against Loomis-Therrien. The Court defers consideration of whether the Law Corporation defendant is statutorily exempt from liability under the Rosenthal Act.

### E.     Fair Credit Reporting Act

Plaintiff asserts a claim for violation of § 1681b of the FCRA. 15 U.S.C. § 1681b(f) states that a "person shall not use or obtain a consumer [credit] report for any purpose unless" that person falls into certain designated categories. Plaintiff alleges that defendants violated this section by: "Obtaining the Plaintiff's Equifax consumer credit report by placing a judgment on behalf of Celebration Homeowner Association without a permissible purpose." Compl. at 15. This allegation is insufficient to support a claim for violation of § 1681b, as the act of reporting a judgment to a credit reporting agency is distinct from the act of obtaining a credit report. See Cisneros v. Trans Union, LLC, 293 F. Supp. 2d 1167, 1174 (D. Haw. 2003). Moreover, the complaint is devoid of any other allegation that defendants ever "use[d]" or "obtain[ed]" plaintiff's credit report. Accordingly, the Court concludes that plaintiff has failed to state a claim under the FCRA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss is hereby GRANTED IN PART and DENIED IN PART. Specifically, plaintiff's claims under the Rosenthal Act, FCRA, and § 1692d(5) of the FDCPA are dismissed without prejudice. Defendants' motion is otherwise denied. Plaintiff shall have until **September 5, 2014**, to file an amended complaint addressing the deficiencies identified herein.

**IT IS SO ORDERED.**

| | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |