Richard R. Therrien, State Bar Number 135414
**LAW OFFICE OF RICHARD R. THERRIEN**
2691 Dow Ave., Ste. "F"
Tustin, Calif. 92780
Telephone:  (714) 361-8130
Facsimile:   (714) 361-8151
Richard@rrtlawoffices.com

Attorney for Defendants LOOMIS-THERRIEN, A LAW CORPORATION and
TARY C. LOOMIS-THERRIEN;

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON THOMAS,<br><br>                    Plaintiff,<br><br>    vs.<br><br><br>LOOMIS-THERRIEN, A LAW CORPORATION; TARY C. LOOMIS-THERRIEN, as an individual,<br><br><br>                    Defendants. | Case No:  EDCV14-00979-CAS-JCx<br><br>Hon.  Christina A. Snyder<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br><br>Date:  September 8, 2014<br>Time: 10:00 A.M.<br>Court Rm: 5 – 2nd Floor |

i

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      STATEMENT OF FACTS …………………………………………….. 1

II.     DOCUMENTS NOT PHYSICALLY ATTACHED TO THE
        COMPLAINT, BUT ARE INCORPORATED BY REFERENCED
        IN THE COMPLAINT  CAN BE CONSIDERED BY THE COURT
        WITHOUT CONVERTING THE MOTION TO A SUMMARY
        JUDGMENT …………………………………………………….. . 4

III.    CONCLUSION……………………………………………… 5

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVETO FILE A SUR-REPLY TO DEFENDANTS' REPLY TO
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page**

*Knievel v. ESPN 393 F3d 1068, 1076-1077 (9th Cir 2005)* …………………….. 5

*L-7Desings, Inc. v. Old Navy, LLC 647 F3d 419, 422 (2nd Cir 2011)* ………….. 5

*Pension Benefits Guarantee Corp v. White Consolidated Industries, Inc.*
*998 F2d 1192, 1196 (3rd Cir 1993)* ………………………………………… 5

*Probasco v. IQ Data Int'l, Inc.*
*2011 U.S. Dist. LEXIS 55924 (E.D. Cal. May 9, 2011)* ………………………... 5

*Sprewell v. Golden State Warriors 266 F.3d 979, 988-89 (9th Cir. 2001)* …….. 5

*Thompson v Illinois Dept. of Pro. Reg. 300 F3d 750, 754 (7th Cir 2002)* ……… 5

*United States v Corinthian Colleges 655 F3d 984, 999(9th Cir 2011)* …………. 4


**Rules**

*Fed. R. Civ. P. 10 (c)* …………………………………………………… 5

*Fed. R. Civ. P. 12(b)(6)* ………………………………………………… 1, 4, 5

*L.R. 7-10* ………………………………………………………………… 7

iii

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVETO FILE A SUR-REPLY TO DEFENDANTS' REPLY TO
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

     **COMES NOW** Defendants Loomis-Therrien A Law Corporation and Tary C. Loomis-Therrien and hereby submits their opposition to the plaintiff's motion for leave to file sur-reply to defendants' reply to plaintiff's opposition to the defendants' motion to dismiss.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

<u>**I.**</u>

<u>**STATEMENT OF FACTS**</u>

     In response to the plaintiff's complaint being filed and served, the defendants filed on June 26, 2014 a motion to dismiss pursuant to *FRCP 12 (b) (6)*.

     The allegations contained in the complaint are based upon a series of correspondences being exchanged between the plaintiff and defendant Tary C. Loomis-Therrien[1].

     In plaintiff's letter of August 22, 2013 (exhibit "B" to the complaint) written to defendant Tary C Loomis-Therrien, the plaintiff requested "…that your office provide us with competent evidence that we had any legal obligation to pay you or any other entity", Ms. Loomis responded on August 27, 2014 (exhibit "C" to the

---

[1] One again it should be noted that Loomis-Therrien, A Law Corporation is an inactive corporation and never wrote nor contacted the plaintiff.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

complaint) that the February 21, 2008 was the "...statutory intent to lien letter with detailed accounting of the amount you owed at that time, by regular and certified mail". The letter went on to explain certain rights under the Federal and State Fair Debt Collections Acts, and time limitations within which the plaintiff could exercise his rights. *More importantly, the August 27, 2014 letter specially states "...[a] copy of [the February 21, 2008] letter with notices, accounting is attached". Yet the plaintiff failed to attach a **complete** copy of the August 27, 2013 as exhibit "C" to the complaint because he filed to attached the February 21, 2008 letter as part of the August 27, 2013, although the plaintiff incorporated by reference the August 27, 2013 letter (see the complaint, paragraphs 25 and 27, and the plaintiff's declaration in support of verified complaint, paragraphs 6 and 9).*

In part, the motion to dismiss attached, as an exhibit (RJN, exhibit "2") the Notice of Intent to Lien letter of February 21, 2008[2] that was sent to the plaintiff on the indicated date. This February letter is central to plaintiff's FDCPA claim because it establishes that the one year of limitations began to run on February 21,

---

[2]See defendants' request to take judicial notice, exhibit "2" and the references in the motion to dismiss, e.g., page 1, lines 3-7, 19; page 2, lines 19-20; page 6, line 24; page 8, lines 5-6.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVETO FILE A SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

2008 and when the plaintiff filed his action on May 15, 2014 – a period of over 6 years – the one year statute of limitations had run.

The plaintiff timely opposed the motion to dismiss by asserting he neither received nor that the February 21, 2008 letter was sent; and therefore the August 19, 2014 letter – that was never addressed to him – is the controlling document for purposes of calculating the statue of limitations for the claim of unfair debt collection practices.

The plaintiff, in opposing the motion to dismiss asserts that he "…*never received any communication* from the defendant in or about February of 2008" (see plaintiff's opposition, page 2, lines 5-6) and that "[p]laintiff request the court not to consider RJN exhibit 2[3] as this communication letter *because it was not sent by Defendant and never receive by Plaintiff* and the exhibit C in Plaintiff's as referenced in Defendants motion to Dismiss was dated 2013"(Emphasis added) (see plaintiff's opposition, page 10, lines 17-20). Importantly, the plaintiff never disputed the authenticity of the February 21, 2008 letter; and he never disputed his address that this letter was sent.

In the reply, a declaration from Ms. Loomis was provided in response to the February 21, 2008 letter that the plaintiff claims was neither sent nor received by him. The declaration and the attachments evidence the mailing of the February 21,

---

[3] This is the February 21, 2008 letter

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVETO FILE A SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

2008 by the certified mail receipt, the affidavit of mailing and the plaintiff's refusal to accept the certified mail copy of the February 21, 2008 letter.

The plaintiff now has filed a motion for leave to asserting that the certified mailing receipts and the affidavit of mailing are "new evidence" and therefore the motion to dismiss should be considered a summary judgment; hence entitling the plaintiff to file a "sur-reply" to defendants' reply. The plaintiffs contentions are without merit.

## II.

## DOCUMENTS NOT PHYSICALLY ATTACHED TO THE COMPLAINT, BUT ARE INCORPORATED BY REFERENCED IN THE COMPLAINT CAN BE CONSIDERED BY THE COURT WITHOUT CONVERTING THE MOTION TO A SUMMARY JUDGMENT

The court in *United States v. Corinthian Colleges 655 F3d 984, 999 (9th Cir. 2011)*, provides a three-prong test for the use of documents that are not physically attached to the complaint may nonetheless be considered by the court on a *12 (b) (6)* motion to dismiss if: (1) the complaint refers to such documents; (2) the document is "central" to plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the *12 (b) (6)* motion.

This prevents a plaintiff with a legally deficient claim from surviving a motion to dismiss by failing to attach a dispositive document on which it relied

4

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

(*Pension Benefits Guarantee Corp v. White Consolidated Industries, Inc. 998 F2d 1192, 1196 (3rd Cir 1993)*).

As consequence, the "incorporation by reference doctrine" allows the court to look beyond the pleadings without converting the *12 (b) (6)* motion into a motion for summary judgment (*Knievel v ESPN 393 F3d 1068, 1076-1077 (9th Cir 2005*).

In the present case, the February 21, 2008 letter is referenced in exhibit "C" of the complaint by way of it actually being an attachment to the August 27, 2013 letter. The plaintiff did not attach the February 21, 2008 letter as noted. Eessentially the August 27, 2013 letter is an incomplete copy. A copy of a written document attached as an exhibit to a pleading is "a part of the pleading for all purposes" *FRCP 10(c); L-7 Designs, Inc. v. Old Navy, LLC 647 F3d 419, 422 (2nd Cir. 2011).* "When a written instrument contradicts the allegations in a complaint to which it is attached, the exhibit trumps the allegations." *Thompson v. Illinois Dept. of Pro. Reg. 300 F3d 750, 754 (7th Cir. 2002).* The Court may disregard " 'allegations that contradict matters properly subject to judicial notice' or to material attached to or incorporated by reference into the complaint" (*Probasco v. IQ Data Int;l, Inc. 2011 U.S. Dist. LEXIS 55924 (E.D. Cal. May 9, 2011) citing Sprewell v. Golden State Warriors, 266 F.3d 979, 988-89 (9th Cir. 2001).*

5

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVETO FILE A SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Further, the February 21, 2008 letter is "central" to the plaintiff's claim because it establishes that the one year of limitations began to run on February 21, 2008 and when the plaintiff filed his action on May 15, 2014 – a period of over 6 years – the one year statute of limitations had run.

Lastly, the plaintiff does not dispute the authenticity of the February 21, 2008 letter. The plaintiff's only assertion is that "…the court not to consider RJN exhibit 2[4] as this communication letter *because it was not sent by Defendant and never receive by Plaintiff* and the exhibit C in Plaintiff's as referenced in Defendants motion to Dismiss was dated 2013"(Emphasis added) (see plaintiff's opposition, page 10, lines 17-20).  Moreover, the plaintiff does not provide any indication and does not provide any evidence in his sur-reply that would dispute the authenticity of the certified mailings, dispute the authenticity of the affidavit of mailing, dispute the inscription by the US Post Office on the returned envelope; and he does not dispute that his address.

The February 21, 2008 letter bears the same address of the plaintiff that appears on the top of the caption of his own pleadings. Further, the plaintiff does not even dispute the authenticity of the US Post Office inscription on the envelope that the February 21, 2008 letter was "unclaimed" and was returned to the defendant.

---

[4] This is the February 21, 2008 letter

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVETO FILE A SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Lastly, the plaintiff's claim that "[d]efendants chose to withhold its purported evidence of good faith until reply, thereby causing Plaintiff the opportunity to respond to that evidence in its opposition[5]" is equally without merit.

"*L.R. 7-10 Reply Papers*", cited by the plaintiff, provides that the defendants may indeed provide in their reply papers, "declarations or other rebuttal evidence". Here the plaintiff denied that defendant Tary C. Loomis-Therrien sent the February 21, 2008 letter and he denied he received the same February letter. Accordingly, the defendants' reply containing the "rebuttable evidence" is proper under *L.R. 7-10* and does not convert the motion to dismiss to a motion for summary judgment and does not allow for the plaintiff to submit a "sur-reply" as he so requests.

///

///

///

///

///

///

///

///

///

[5] See plaintiff's sur-reply, page 3, lines5-6

7

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVETO FILE A SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## III.

## CONCLUSION

For the reasons stated herein, the plaintiff's motion for leave to file a "sur-reply" should be denied; and that the Verified Complaint does not state a claim upon which relief can be granted.  The defects are incurable by amendment. Defendant requests this motion to dismiss be granted without leave to amend.

DATED: August 15, 2014          LAW OFFICE OF RICHARD R. THERRIEN

By:__/S/ Richard R. Therrien_____
Richard R. Therrien
Attorney for Defendants Loomis-Therrien,
A Law Corporation and Tary C. Loomis-
Therrien

8