UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Katherine Stride | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: | |
| Deon Thomas, Pro Se | Richard Therrien | |

**Proceedings:** MOTION TO DISMISS FIRST AMENDED COMPLAINT (Dkt. 26, filed September 17, 2014)

## I.  INTRODUCTION AND BACKGROUND

On May 15, 2014, plaintiff Deon Thomas filed this action against defendants Tary C. Loomis-Therrien ("Loomis-Therrien") and Loomis-Therrien, A Law Corporation (the "Law Firm"). Dkt. 1. On August 11, 2014, the Court granted in part and denied in part defendants' motion to dismiss plaintiff's original complaint. Dkt. 16. Plaintiff subsequently filed his first amended complaint ("FAC") on September 3, 2014, asserting claims against Loomis-Therrien and the "Law Office of Tary C. Looms-Therrien" (collectively, "defendants"). Dkt. 24.

In brief, plaintiff alleges that defendants violated various federal and state debt collection statutes while attempting to collect on a debt from plaintiff. See generally FAC. It appears that the purported debts arose when plaintiff allegedly failed to pay homeowner's association fees to the Celebration Homeowner's Association arising out of plaintiff's ownership of property located at 14626 Red Gum Street, Moreno Valley, California 92555 (the "Subject Property"). Thomas Decl. Ex. C; Mot. Dims. at 2. In 2008, the Celebration Homeowner's Association appears to have filed a lien against the property for the unpaid balance of these fees. Id.

Plaintiff alleges that Loomis-Therrien, acting through the Law Firm, mailed plaintiff an initial debt collection letter on August 19, 2013. FAC ¶ 20. This letter stated that it concerned the Subject Property and that the Board of Directors of the Celebrations Homeowners Association had "voted to foreclose on the subject property for the collection of delinquent assessments, charges and costs of collection." Id. Ex. A. The August 19, 2013 letter further stated: "If you desire to avoid foreclosure, please contact my office within 15 days to make arrangements for payment." Id. The August 19, 2013 letter did not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

indicate the amount of the alleged debt. Plaintiff alleges that he responded by letter on August 22, 2013, inquiring about the source and amount of the alleged debt, and requesting that the debt be validated. Id. ¶ 28; Thomas Decl. Ex. B.

Plaintiff alleges that he and Loomis-Therrien then engaged in extended correspondence concerning the purported debt. Specifically, plaintiff alleges receipt of three subsequent debt collection letters dated August 31, 2013, December 9, 2013, and April 17, 2014, respectively. FAC ¶¶ 30-31; 50-52; 54-55. Plaintiff alleges that he responded to each letter, demanding validation of the alleged debt. ¶¶ 32; 53; 56. Plaintiff also alleges that, at some point before October 29, 2013, Loomis-Therrien, acting through the Law Firm, reported a judgment against plaintiff on plaintiff's credit report. Id. ¶¶ 34-49. Based on this alleged conduct, plaintiff's complaint asserts claims for (1) various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., (2) various violations of the Rosenthal Fair Debt Collection Act ("Rosenthal Act"), Cal. Civil Code § 1788, and (3) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Plaintiff asserts the FDCPA claims against both the Law Firm and Loomis-Therrien, and asserts the Rosenthal Act and FCRA claims solely against the Law Firm.

On September 17, 2014, defendants filed a motion to dismiss the FAC. Dkt. 26.[1] Plaintiff opposed the motion on October 3, 2014. Dkt 27. The Court held a hearing on

---

[1] Defendants also request that the Court take judicial notice of the following four documents, which were all recorded in the Riverside County Recorder's Office: Quitclaim deed regarding the Subject Property, recorded June 29, 20016 (RJN Ex. A); Notice of Delinquent Assessment Lien for Celebrations Homeowners Association regarding the Subject Property, recorded by Tary C. Loomis-Therrien on May 28, 2008 (RJN Ex. B); Grant Deed regarding the Subject Property, recorded July 1, 2008 (RJN Ex. C); Trust Transfer Grant Deed regarding Subject Property, recorded September 25, 2008 (RJN Ex. D). Because these documents are matters of public record, the Court GRANTS defendants' request for judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 689 ("A court may take judicial notice of 'matters of public record.'"). However, in taking judicial notice of these documents, the Court does not accept them for the truth of the matters asserted therein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**                     'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

October 20, 2014. Having considered the parties' arguments, the Court finds and concludes as follows.[2]

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret

---

[2] Defendants filed an objection to plaintiff's opposition on October 8, 2014. Dkt. 28. In it, defendants request that the Court strike plaintiff's opposition because it was filed on October 3, 2014, and served on October 6, 2014—one week later than required by Local Rule 7-9. Id. According to defendants, this deprived them of "an opportunity to file and serve a reply to the opposition." Id. Because plaintiff is proceeding *pro se*, the Court declines to strike plaintiff's opposition for noncompliance with the local rule. Garaux v. Pulley, 739 F.2d 437, 439 (9th Cir. 1984) ("The rights of *pro se* litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.   ANALYSIS

#### A.   The Law Firm Defendant

The Court's August 11, 2014 order noted that plaintiff's original complaint failed to explain the relationship between defendant Loomis-Therrien and defendant Law Firm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

Dkt. 16 at 3-4. Plaintiff's FAC appears to remedy this issue. Specifically, the FAC asserts that Loomis-Therrien is the "President or Principal owner" of the Law Firm and acts through the Law Firm. FAC ¶ 15. Although defendants assert that plaintiff did not rename the Law Firm as a defendant and thus it "is no longer a party to the action," Mot. Dism. at 1, the Court is not persuaded. Reading the FAC in the light most favorable to plaintiff, plaintiff renamed the Law Firm and the entity remains a party to the action.

### B.  Statute of Limitations

Defendants assert that plaintiff's claims are barred by the statute of limitations, an argument rejected by the Court in its August 11, 2014 order. Dkt. 16 at 4. Both the FDCPA and the Rosenthal Act impose a one-year statute of limitations. See 15 U.S.C. § 1692k(d); Cal. Civ. Code § 1788.30(f). Similarly, the FCRA imposes a two-year statute of limitations. See 15 U.S.C. § 1681p. Defendants contend that plaintiff's claims accrued in 2008, when defendants mailed plaintiff an initial "Intent to Lien" letter. See Loomis-Therrien Decl. ¶ 4, Ex E. Because plaintiff did not file this action until May 2014, defendants argue that plaintiff's claims are time-barred.

The Court finds this argument unpersuasive for substantially the same reasons set forth in the August 11, 2014 order. As discussed above, the FAC on its face alleges FDCPA violations based on letters that Loomis-Therrien sent to plaintiff beginning in August 2013. See, e.g., FAC ¶ 20. The FAC neither references nor attaches the Intent to Lien letter upon which defendants rely.[3] Accordingly, because defendants rely on evidence outside the complaint, the Court cannot consider defendants' argument unless the Intent to Lien letter is judicially noticeable. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d at 986. Fed. R. Evid. 201 authorizes courts to take judicial notice of a fact "that is not subject to reasonable dispute because it . . . (1) is generally known within the trial court's territorial

---

[3] Exhibit C of plaintiff's FAC contains a letter sent by Loomis-Therrien to plaintiff on August 27, 2013, which references the Intent to Lien letter. However, as noted in the Court's August 11, 2014 order, the fact that a letter written by Loomis-Therrien references another letter written by Loomis-Therrien does not conclusively establish the existence of the second letter, as would be required for the Court to consider the Intent to Lien letter at this stage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**                     'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

The Court previously found that the Intent to Lien letter was not judicially noticeable because its existence is neither generally known within this jurisdiction, nor is it susceptible to authoritative verification by an independent source.  Dkt. 16 at 5.  In their motion to dismiss the FAC, defendants once again proffer a copy of the Intent to Lien letter, this time attaching copies of two certified mailing receipts, two envelopes addressed to plaintiff and his wife stamped "Return to Sender Unclaimed Unable to Forward," and an affidavit of mailing.  Loomis-Therrien Decl. E-H.  Defendants argue that this documentation proves that plaintiff received the Intent to Lien letter, since an addressee "incurs the risk of failure in the mail."  Mot. Dism. at 6.  Plaintiff disputes receipt of the 2008 Intent to Lien letter, and continues to allege that he first received communications from defendants in August 2013.  Opp'n Mot. Dism. 9-10.  In light of plaintiff's allegations, the Court again declines to take judicial notice of the Intent to Lien letter. Goyal v. Capital One, N.A., 2012 WL 3878114 (N.D. Cal. 2012) (declining to judicially notice defendant's certified mailing for the purpose of establishing notice of trustee sale where "plaintiff alleges he did not receive any notice").  As such, the Court is limited to the four corners of the complaint, and defendants' timeliness argument therefore fails.

### C.    Fair Debt Collections Practices Act

Plaintiff asserts a claim under the FDCPA, alleging that defendants violated multiple provisions of the FDCPA by misrepresenting the character and amount of plaintiff's alleged debt, failing to validate plaintiff's alleged debt upon his request, and reporting a judgment to various credit reporting agents after receiving letters from plaintiff disputing the alleged debt.  FAC ¶ 67.  Defendants make a variety of arguments asserting that plaintiff has failed to allege facts necessary to support his claim for violations of the FDCPA.  The Court considers these arguments in turn.

First, defendants contend that plaintiff has failed to allege that he requested verification of the debt within thirty days, as required to state a claim for a violation of 15 U.S.C. § 1692g.  See Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078, 1080 (9th Cir. 2005) ("[I]f the consumer notifies the collector of a dispute in writing within the 30–day period, the collector shall cease collection activities until he obtains the verification.").  Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

contend that this thirty day period began running in 2008, when Loomis-Therrien sent plaintiff the Intent to Lien letter. Mot. Dism. at 9-12. This argument fails for substantially the same reason as defendants' timeliness argument—namely, it relies on the Intent to Lien letter, which was not attached to plaintiff's complaint and is not judicially noticeable.

Second, defendants appear to contend that plaintiff lacked standing to request validation of his alleged debt based on the August 19, 2013 letter, since that letter was addressed to the record owners of the Subject Property, not to plaintiff. Mot. Dism. at 11. The Court is not persuaded. When plaintiff replied to the August 19, 2013 letter requesting validation of his debt, he received a response from defendants on August 27, 2013. FAC ¶¶ 28-29. The August 27, 2013 letter was addressed expressly to plaintiff and stated, in pertinent part: "You owe assessments, charges, and costs of collection during the time of your ownership"; "A change in ownership of the subject property does not affect the Association's right to continue collection efforts . . . ." Thomas Decl. Ex. C. In a letter dated August 31, 2013, plaintiff once again requested validation of his alleged debt. FAC ¶ 32. Thus, defendants' subsequent communications to plaintiff defeat their standing argument.

Third, defendants renew their contention that plaintiff cannot state a claim under the FDCPA because defendants were not engaged in "the collection of a debt" within the meaning of the FDCPA. Mot. Dism. at 15. Specifically, defendants contend that they were merely engaged in the foreclosure process, which numerous courts in this circuit have held does not constitute debt collection within the meaning of the FDCPA. See., e.g., Garfinkle v. JPMorgan Chase Bank, 2011 WL 3157157, at *3 (N.D. Cal. July 26, 2011) ("District courts in the Ninth Circuit have generally concluded that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the Rosenthal Fair Debt Collection Practices Act or the FDCPA."). This argument remains unpersuasive, because plaintiff has alleged that defendants took steps beyond merely foreclosing on the Subject Property. In particular, defendants attempted to collect on plaintiff's outstanding debts as an alternative to foreclosure. In the August 19, 2013 letter, for example, Loomis-Therrien wrote: "If you desire to avoid foreclosure, please contact my office within 15 days to make arrangements for payment." Thomas Decl. Ex. A. This effort to collect on the underlying debt was not a required step in the foreclosure process, and thus constituted debt collection within the meaning of the FDCPA. See 15. U.S.C. 1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**           'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.").

Fourth, defendants contend that plaintiff has failed to assert facts supporting his claim that defendants violated 15 U.S.C. § 1692e(8) and (10) by improperly reporting a judgment on plaintiff's credit report  Mot. Dism. at 12-14.[4]  Defendants assert that they did not report any judgment against plaintiff to a credit reporting agency, and that plaintiff's allegations to the contrary are contradicted by exhibits attached to plaintiff's declaration, namely two copies of plaintiff's credit report.  See Loomis-Therrien Decl. Exs. E, F.  The Court finds this argument unpersuasive.  Exhibit E, which depicts plaintiff's October 29, 2013 credit report, reflects a judgment held by Loomis-Therrien's alleged client, the Celebrations Homeowners Association.  Since the credit report does not state who reported this judgment, this document is therefore consistent with plaintiff's allegations.  To the extent that defendants contend that they did not report this judgment, that is a fact issue not suitable for resolution on a motion to dismiss.

Fifth, defendants contend that plaintiff has failed to allege facts to support a claim for violation of 15 U.S.C. § 1692e(2), which prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt."  Mot. Dism. 14-15.  Having reviewed the FAC, the Court disagrees.  Plaintiff's FAC alleges that defendants' December 9, 2013 letter represented that plaintiff owed a debt of $7,829.40, while defendants' April 17, 2014 letter represented that plaintiff owed a debt of $4,413.19.  FAC ¶¶ 52, 54.  Plaintiff further alleges that, in failing to substantiate how they arrived at the two different amounts, defendants "misrepresented the character, amount or legal status of the alleged debt."  Id. ¶ 55.  These factual allegations are sufficient to state a claim under Section 1692e(2).

Finally, defendants contend that plaintiff has failed to allege facts to support a violation of 15 U.S.C. § 1692f.  Section 1692f prohibits a debt collector from using

---

[4] Section 1692e(8) forbids "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

"unfair or unconscionable means to collect or attempt to collect any debt." The section also lists eight non-exclusive examples of conduct found to be unfair or unconscionable and, therefore, in violation of the FDCPA. Courts have held that a complaint is deficient under section 1692f "if it does not identify any misconduct beyond which plaintiffs assert violate other provisions of the FDCPA." Strouse v. Enhanced Recovery Co., 956 F. Supp. 2d 627, 637 (E.D. Pa. 2013) (citing Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y.2006)). Here, plaintiff alleges that defendants violated section 1692f by sending letters with varied representations of the amount of plaintiff's debt and failing to validate his debt. FAC ¶¶ 59, 60. Because these allegations also support plaintiff's claim for violations of other sections of the FDCPA—namely, sections 1692e(2) and 1692g—the Court finds that plaintiff has failed to state a claim for violation of section 1962f.

### D. Rosenthal Act

Plaintiff asserts a claim solely against defendant Law Firm under the Rosenthal Act, largely mirroring his claim under the FDCPA.[5] The Rosenthal Act "is California's version of the FDCPA; it 'either mimics the relevant provisions of the FDCPA or incorporates them by reference.'" Murphy v. Bronson, Cawley, & Bergmann, LLP, 2011 WL 2413447 (S.D. Cal. June 13, 2011) (quoting Riggs v. Prober & Raphael, 2010 WL 3238969, at *3 (N.D.Cal. August 16, 2010)). Defendants do not argue that plaintiff has failed to state a claim against the Law Firm defendant, presumably because they contend that the Law Firm is no longer a part of this action. However, as discussed supra, the Court rejects this contention. Because lawyers are statutorily exempt from liability under the Rosenthal Act, the Court previously dismissed plaintiff's claim against individual defendant Loomis-Therrien. Dkt. 16. However, law firms are not exempt from such liability. Davis v. Hollins Law, 942 F. Supp. 2d 1004, 1011 (E.D. Cal. 2013) ("[T]he 'attorney' exemption from the definition of 'debt collector' under the Rosenthal Act does not extend to 'law firms.'"). Accordingly, because plaintiff has stated a claim under the FDCPA against defendant Law Firm, the Court finds that plaintiff has also stated a claim against defendant Law Firm under the Rosenthal Act.

---

[5] Although defendants argue that plaintiff cannot reassert the Rosenthal Act claim because the Court previously dismissed it, that claim was dismissed without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

### E. Fair Credit Reporting Act

Plaintiff asserts a claim for violation of § 1681b of the FCRA solely against defendant Law Firm. 15 U.S.C. § 1681b(f) states that a "person shall not use or obtain a consumer [credit] report for any purpose unless" that person falls into certain designated categories. Plaintiff alleges that defendants violated this section by: "Obtaining the Plaintiff's EQUIFAX consumer credit report by placing a judgment on behalf of Celebration Homeowner Association without a permissible purpose." FAC ¶ 17. The Court previously found this allegation insufficient to support a claim for violation of section 1681b, since the act of reporting a judgment to a credit reporting agency is distinct from the act of obtaining a credit report. Dkt. 16 at 7; See Cisneros v. Trans Union, LLC, 293 F. Supp. 2d 1167, 1174 (D. Haw. 2003). The Court also found that plaintiff's complaint was "devoid of any other allegation that defendants ever 'use[d]' or 'obtain[ed]' plaintiff's credit report." Dkt. 16 at 7. The Court finds that plaintiff's FAC fails to remedy these deficiencies. Although plaintiff alleges elsewhere in the FAC that defendants obtained his credit report, the crux of these allegations is that defendants obtained his credit report in order to enter a judgment. See e.g., FAC ¶¶ 36-39. Accordingly, the Court concludes that plaintiff has failed to state a claim under the FCRA against the Law Firm defendant.

### IV. CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss plaintiff's FAC is hereby GRANTED IN PART and DENIED IN PART.

The Court DENIES defendants' motion to dismiss plaintiff's FDCPA claims, insofar as they are based on defendants' alleged violations of §§ 1692g, 1692e(2), 1692e(8), and 1692e(10). The Court also DENIES defendants' motion to dismiss the Rosenthal Act claim asserted by plaintiff against defendant Law Firm.

The Court GRANTS defendants' motion to dismiss plaintiff's claims against the Law Firm under the FCRA. The Court also GRANTS defendants' motion to dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'

| Case No. | 5:14-cv-00979-CAS(JCx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | DEON THOMAS V. LOOMIS-THERRIEN ET AL. | | |

plaintiff's FDCPA claims, insofar as they are based on defendants' alleged violation of § 1692f.  Plaintiff shall have until **November 17, 2014**, to file an amended complaint addressing the deficiencies identified herein.

    IT IS SO ORDERED.

|  | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |